Filed 8/28/24  In re Francisco J. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re FRANCISCO J., a Person Coming Under the Juvenile Court Law. | B337247 (Los Angeles County Super. Ct. No. 23CCJP01232) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. MARIA L., Defendant and Appellant. | ORDER OF DISMISSAL |

THE COURT:

Maria L. (mother) appeals from an order terminating her parental rights to her son Francisco J. (born April 2023) pursuant

to Welfare and Institutions Code section 366.26.[1]  After examination of the record, mother's appointed counsel was unable to identify any arguable issues.  We dismiss the appeal pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835 (*Phoenix H.*) and *In re Sade C.* (1996) 13 Cal.4th 952 (*Sade C.*)

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In April 2023, Francisco was born with a positive toxicology screen for amphetamine and methamphetamine.  Mother had a 14-year history of substance abuse and was a current abuser of amphetamine and methamphetamine.  Francisco's alleged father, Francisco J. (father), also had a history of substance abuse including alcohol, methamphetamine and marijuana and was a current abuser of methamphetamine.[2]  On April 11, 2023, a juvenile dependency petition was filed alleging Francisco was described under section 300, subdivision (b).

Both mother and father have extensive experience in the dependency system.  Mother's parental rights to her child L.I. were terminated in 2015.  A petition was sustained regarding mother's son Martin I. in 2014, and reunification services were terminated in 2016.

In 2020, as to four of father's children (Javier, A., Fabian and Jesus), a petition was sustained.  Father did not comply with services and in 2021 jurisdiction was terminated with monitored visitation for father.  Father also had a sustained petition as to his two children S.S. and Serenity S., and a third ongoing

---

[1]     All further statutory references are to the Welfare and Institutions Code.

[2]     Father is not a party to this appeal.

2

dependency case involved his children Anthony and Aiden. Both petitions alleged father's substance abuse issues. When the detention report in this matter was filed in April 2023, all of father's other children were in adoption services.

On April 9, 2023, mother gave the Los Angeles County Department of Children and Family Services (DCFS) written permission to "take" the newborn child to allow mother to "finish [her] rehab program and get clean."

The juvenile court adjudicated the petition on May 12, 2023. Mother appeared remotely. The juvenile court sustained the petition. At the disposition hearing on June 13, 2023, mother was not present. The court removed the child from both parents and ordered suitable placement.

Mother was granted monitored visits with the child twice a week for two hours. Mother secured a "tiny home" as part of a homeless housing program but had not enrolled in any services and had been a "[n]o show" to all but one of her drug tests. She submitted to one drug test on August 2, 2023, where she tested positive for methamphetamines and amphetamines. Mother's levels were measured higher than the highest level the tests could detect.

Mother's visits became inconsistent. From June to December 2023, mother visited Francisco on seven occasions. The child became fussy with mother during visits and did not appear to have a bond with mother. Francisco did not recognize mother due to her inconsistent visitation, and mother had difficulty soothing him, turning to the caregiver for assistance. Mother was not involved in the child's medical appointments or medical decisions and did not participate in therapy sessions.

Father had no contact with DCFS and did not participate in any form of visitation with Francisco. The DCFS social worker took the position that providing the child with a stable and permanent home would outweigh the loss of any relationship he had with the parents.

In January 2024, the juvenile court made a finding that the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) was inapplicable.

Francisco had been placed with his biological sibling in the home of Mr. and Mrs. R. In April 2024, the R.s expressed a desire to provide a permanent home for him. They had previously adopted and felt comfortable with the process. There was a strong bond between the R.s and Francisco.

A permanency planning hearing was held on April 22, 2024. Mother was not present. Over mother's objection, the juvenile court found the child adoptable and ordered parental rights terminated.

On May 6, 2024, mother filed a notice of appeal from the order terminating her parental rights.

On July 12, 2024, mother's counsel filed a brief pursuant to *Phoenix H., supra*, 47 Cal.4th 835. Mother's counsel requested the court provide mother the opportunity to file a supplemental brief within 30 days. On August 12, 2024, mother filed a letter brief.

## DISCUSSION

Mother's letter brief has been considered by this court. In her letter, mother seeks to assure the court she is committed to being part of Francisco's life. She acknowledges not having had the opportunity to build a strong bond with her son due to

circumstances beyond her control.  However, she expressed eagerness to establish a relationship with him and be part of his life.

While mother's intentions are commendable, her letter brief identifies no arguable issues on appeal.  Accordingly, we dismiss mother's appeal.  (*Phoenix H., supra*, 47 Cal.4th at p. 846; *Sade C., supra*, 13 Cal.4th at p. 994.)

## DISPOSITION

The appeal is dismissed.

_____
ASHMANN-GERST, Acting P. J.   CHAVEZ, J.  HOFFSTADT, J.